UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD ANTHONY VELARDE, CDCR #K-43056,<br><br>Plaintiff,<br><br>vs.<br><br>E. DUARTE, Correctional Officer,<br><br>Defendant. | Case No.   11cv0287 AJB (CAB)<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)** |

  Plaintiff, a state prisoner currently incarcerated at Calipatria State Prison in Calipatria, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been proceeding *in pro se* and has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

  While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

  When he first initiated this case, Plaintiff requested but was denied appointment of counsel (ECF Nos. 3, 4). On June 27, 2011, Plaintiff filed a second motion for appointment of counsel, but the Court

again denied his request, noting that it appeared he had a "sufficient grasp of his case" and the legal issues involved (ECF No. 13).  Plaintiff's second Motion was denied without prejudice however, because while he summarily claimed the issues involved in presenting his case were complex, Plaintiff failed to offer any specifics to demonstrate either the complexity or likelihood of success on the merits sufficient to show the exceptional circumstances necessary to warrant counsel.  *Id.* (citing *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991)).

However, on August 3, 2011, the Southern District of California adopted, pursuant to General Order No. 596 and 28 U.S.C. § 1915(e)(1), a Plan for the Representation of *Pro Se* Litigants in Civil Cases.  The Court has since exercised its discretion pursuant to 28 U.S.C. § 1915(e)(1) to identify this case as appropriate for pro bono representation under the Plan, and has randomly selected a volunteer attorney from the Court's Pro Bono Panel.

**Conclusion and Order**

Accordingly, the Court hereby APPOINTS Angela Kim Zugman, Esq., of Burcham & Zugman, APC, 964 5th Avenue, Suite 300, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. CAL. CIVLR 83.3(g)(2), Pro Bono Counsel shall file, within fourteen (14) days of this Order, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel.  Such substitution shall be considered approved by the Court upon filing, and Pro Bono Counsel shall thereafter be considered attorney of record for Plaintiff for all purposes during further proceedings before this Court.  *See* S.D. CAL. CIVLR 83.3(g)(1), (2).  IT IS FURTHER ORDERED that the Clerk of Court shall serve Ms. Zugman with a copy of the Order at the address listed above upon filing.  *See* S.D. CAL. CIVLR 83.3(f)(2).

DATED: October 19, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge