UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HAROLD ANTHONY VELARDE,

Plaintiff,

v.

E. DUARTE,

Defendant.

Case No.: 11cv0287 AJB (KSC)

ORDER GRANTING DEFENDANT'S MOTION TO AMEND THE ANSWER

(Doc. 32)

Presently before the Court is Defendant's Motion to Amend the Answer. (Doc. No. 32.) In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for July 6, 2012 is hereby vacated. For the reasons set forth below, the motion is GRANTED.

**I.**

**BACKGROUND**

On February 10, 2011, Plaintiff Harold Velarde, a state prisoner incarcerated at Calipatria State Prison located in Calipatria, California, filed a lawsuit against Defendant E. Duarte for excessive force during an incident that occurred on October 6, 2009. (Doc. No. 1.) At a scheduling conference held on July 6, 2011, the Court set August 8, 2011 as the deadline to file amended pleadings. (*See* Doc. No. 14.) On February 28, 2012, the Court granted the parties' joint motion to extend several of the pre-trial

deadlines, including the deadline for expert witness reports, the discovery cutoff date, and the deadline for dispositive motions. (Doc. No. 31.)

On March 8, 2012, Defendant filed the present motion to amend his answer to assert the defense of *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars suits that conflict with prior convictions. (Doc. No. 32.) Plaintiff filed an Opposition on March 28, 2012, and Defendant filed a Reply on April 2, 2012.

**II.**

**LEGAL STANDARD**

A district court has "broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). Generally, under Federal Rule of Civil Procedure 16(b), the pretrial scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing *Johnson*, 975 F.2d at 609). If the party seeking the modification was not diligent, the motion to amend should not be granted. *Id.* Only after the moving party has demonstrated good cause under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment is proper. *Johnson*, 975 F.2d at 608.

Once the opposing party has filed a responsive pleading, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts should "freely give leave when justice so requires." *Id.* This rule is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Nonetheless, the decision to grant or deny a motion to amend is committed to the discretion of the district court. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987). At the same time, "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing *Foman*, 371 U.S. at 182); *see also DCD Programs*, 833 F.2d at 186. "Prejudice is the touchstone of the inquiry under rule

15(a)." *Eminence Capital*, 316 F.3d at 1052. Absent prejudice, there is a presumption in favor of granting leave to amend. *Id.*

**III.**

**DISCUSSION**

***A. Whether Defendant Satisfies Rule 16's Standard for Leave to Amend***

Because the August 8, 2011 deadline for amending pleadings established in the Court's scheduling order has passed, Defendant's ability to amend his answer is governed by Rule 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16 provides that a schedule may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *See Johnson*, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." *Id.* at 610.

Here, Defendant has diligently sought the instant amendment of his answer. Defendant's counsel contends that when he formulated the answer, just weeks after waiving personal service in this case, he did not know about Plaintiff's conviction for battering Defendant during the same incident that is the subject of this lawsuit. (Aronis Decl. ¶¶ 3-5.) He claims that it was not until December 2011 or January 2012 that he became aware of Plaintiff's criminal conviction. (*Id.* at ¶ 7.) After conducting certain discovery, including the taking of Plaintiff's deposition on February 15, 2012 and obtaining the transcript of Plaintiff's sentencing hearing for the battery conviction against Defendant on March 1, 2012, Defendant's counsel determined that this lawsuit is allegedly barred under the favorable-termination doctrine. (*Id.*) Defendant promptly filed the instant motion on March 8, 2012. (Doc. No. 32.)

Because Defendant was diligent in pursuing discovery and seeking to amend the answer, Defendant has demonstrated good cause under Rule 16 to modify the scheduling order to allow Defendant to file an amended answer. *See Johnson*, 975 F.2d at 609.

//

//

***B. Whether Defendant Satisfies the Requirements for Amending Pleadings Under Rule 15***

In determining whether a motion for leave to amend should be granted, the Ninth Circuit considers four factors, with prejudice to the opposing party being the crucial factor. *DCD Programs*, 833 F.2d at 186. "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). Plaintiff, as the party opposing leave to amend, bears the burden of showing why the amendment should not be granted. *See Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd.*, 2009 WL 1396256, at *1 (N.D. Cal. May 18, 2009) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)); *see also DCD Programs*, 833 F.2d at 187 (stating that the nonmovant bears the burden of showing prejudice).

Plaintiff has not made the requisite showing of prejudice to defeat Defendant's motion. In fact, in his opposition, Plaintiff does not address any of the four factors used to determine the propriety of a motion for leave to amend. Plaintiff instead attempts to preempt the favorable-termination bar before it is even presented. Because Plaintiff failed to meet his burden of showing why the amendment should not be granted, Defendant is entitled to a presumption in favor of granting his motion. To deny Defendant's motion to amend the answer to assert a defense would go against the policy of deciding this case on its merits. *See Webb*, 655 F.2d at 979 ("[A] court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities.").

In conformity with the Ninth Circuit's policy that courts should apply Rule 15 "with extreme liberality," *Eminence Capital*, 316 F.3d at 1051, Defendant's motion to amend the answer is granted. Although the Court grants Defendant's motion, the Court's decision does not act as an endorsement of Defendant's assertion that the lawsuit is barred under the favorable-termination doctrine.[1]

//

//

---

[1] On May 3, 2012, Defendant filed his motion for summary judgment, asserting that the excessive force claim is barred under the favorable-termination doctrine found in *Heck v. Humphrey*. (Doc. No. 41.) Plaintiff filed an Opposition on June 25, 2012, arguing the *Heck* issue without mentioning the pending motion to amend the answer. (Doc. No. 42.) Therefore, the issue of whether the *Heck* argument raised by Defendant in his motion to amend the answer is a factual dispute or an affirmative defense will be determined at the time of the summary judgment hearing.

**IV.**

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Amend the Answer.

IT IS SO ORDERED.

DATED: June 27, 2012

Hon. Anthony J. Battaglia
U.S. District Judge