UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD ANTHONY VELARDE, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>E. DUARTE, an individual,<br><br>    Defendant. | Civil No. 11cv0287-AJB (KSC)<br><br>ORDER:<br><br>(1) DENYING PLAINTIFF'S OBJECTIONS, (Doc. No. 50);<br><br>(2) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 49); AND<br><br>(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY, (Doc. No. 41). |

  Plaintiff Harold Anthony Velarde ("Plaintiff"), a prisoner at Calipatria State Prison, has brought a single claim under 42 U.S.C. § 1983 based on Defendant E. Duarte's ("Defendant" or "Duarte") alleged use of excessive force in constraining Plaintiff following a riot in the prison. (Doc. No. 1.) Presently before the Court is Defendant's motion for summary judgment, (Doc. No. 41), and Magistrate Judge Crawford's Report and Recommendation ("R&R"). The R&R advises the Court to grant Defendant's motion for summary judgment and close the case. (Doc. No. 49.) Plaintiff, who is currently represented by counsel, filed timely objections to the R&R on February 13, 2013, (Doc. No. 50), and Defendant filed a response to Plaintiff's objections on

February 22, 2013, (Doc. No. 51). For the reasons set forth below, Plaintiff's objections are DENIED, (Doc. No. 50), the Court ADOPTS the R&R in its entirety, (Doc. No. 49), and Defendant's Motion for Summary Judgment is GRANTED, (Doc. No. 41). The Clerk of Court is instructed to enter judgment and close the case.

## *BACKGROUND*

Magistrate Judge Crawford's Report and Recommendation provides a through and accurate recitation of the procedural and factual history relating to Plaintiff's § 1983 claim. (Doc. No. 49 at 1-2.) However, for the sake of completeness and ease of review, the Court reiterates the pertinent facts below.

The incident giving rise to the complaint stems from an encounter that occurred between Plaintiff and Defendant after a riot in the prison where Plaintiff is currently housed. (*Id*.) On the date of the incident, October 6, 2009, Plaintiff alleges that two correctional officers, one of which was Defendant Duarte, came to the door of Plaintiff's cell and told him to "cuff up." (*Id*. at 2-3.) Plaintiff was then handcuffed through the food porthole of his cell, the cell door was opened, and he was ordered to face the wall and walk backwards out of his cell. (*Id*. at 3.) After exiting his cell, Plaintiff alleges that Duarte grabbed his neck from behind and slammed his face into the wall. (*Id*.) Because he was surprised by Duarte's actions, Plaintiff alleges he turned away from the wall, causing him to face Duarte, and at that point, Duarte grabbed his shoulders and pushed him forcibly to the ground using all Duarte's weight. (*Id*.) As a result of the encounter between Plaintiff and Defendant, Plaintiff was taken to the hospital, wherein he suffered a broken leg and had to undergo surgery to insert a steel plate inside his femur bone.[1] (*Id*.)

Following the incident between Plaintiff and Defendant, Plaintiff was found guilty in prison disciplinary proceeding for battery on a peace officer. (Doc. No. 41, Builteman Decl., Ex. 1, Rules Report). Plaintiff also pled *nolo contendere* in El Centro Superior

---

[1] According to Plaintiff his leg was broken during the incident because his body was in a weakened state due to a prior injury from a gunshot wound. (*Id*.) Plaintiff attached the "Operative Report" from Alvarado Hospital describing the surgery that was performed on his leg. (Doc. No. 1, Ex. 1.)

Court to a single violation of California Penal Code § 243.1, battery against a custodial officer in the performance of his duties. (Doc. No. 41, Def.'s RJN, Ex. C at 9-10.)[2] Plaintiff filed the operative complaint on February 10, 2010, alleging a single cause of action for excessive force against Defendant Duarte. (Doc. No. 1.) As of the date of this Order, neither the prison disciplinary proceeding nor the § 243.1 conviction has been overturned or invalidated. (Doc. No. 49 at 13:18-22.)

## *LEGAL STANDARDS*

### I.   Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### II.   Summary Judgment

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that a

---

[2] The R&R granted Defendant's request for judicial notice finding court documents from another case appropriate for judicial notice. *See U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). The Court concurs in this finding.

material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.*; *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322, 324. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the non-movant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in their favor. *See id.*

## *DISCUSSION*

**I.    Summary of the Report and Recommendation's Findings**

Magistrate Judge Crawford recommended summary judgment in favor of Duarte based on the favorable termination doctrine, as articulated by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). (Doc. No. 49 at 3-6.) Specifically, Judge Crawford found that in order for Plaintiff to prevail on his § 1983 claim he would have to prove facts fundamentally inconsistent with: (1) the findings made by the Senior Hearing Officer ("SHO") in the prison disciplinary proceeding; and (2) his criminal battery conviction pursuant to California Penal Code Section 243.1. (*Id.* at 10:13-11:4, 12:22-13:22.) Accordingly, because Plaintiff did not submit any evidence or even suggest that he could succeed in invalidating or overturning the findings made in the

prison disciplinary proceeding and/or his criminal battery conviction, Judge Crawford found Plaintiff was precluded from bringing his excessive force claim against Defendant Duarte. (*Id*. at 13:16-22.)

**II.     Objections to the Report and Recommendation**

Plaintiff makes several overlapping objections to the R&R, essentially arguing that *Heck v. Humphrey* does not bar his § 1983 action against Duarte. (Doc. No. 50 at 2:8-17.) Notably, Plaintiff contends that even though he pled *nolo contendere* to California Penal Code § 243.1, battery on a custodial officer in the performance of his duties, he can proceed with his § 1983 claim for excessive force because the law does not allow Duarte to use "any and all amounts of force" to effectuate an arrest. (*Id*. at 2:25-27.) Although these same and/or substantially similar arguments were previously raised and summary judgment in favor of Duarte was nonetheless recommended, the Court makes a *de novo* determination of those portions of the R&R in light of Plaintiff's instant objections. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Accordingly, the Court first outlines the favorable termination doctrine under *Heck v. Humphrey*, and then addresses why Plaintiff's conviction under § 243.1, even if the result of a *nolo contendere* plea, bars his instant § 1983 claim because the factual circumstances underlying all claims arise from the same temporal occurrence.

**A.     The "Favorable Termination" Doctrine**

In *Heck v. Humphrey*, 512 U.S. at 486-87, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." Thus, if a plaintiff seeks damages based on claims that would "necessar-

ily imply the invalidity" of an underlying conviction or sentence, 512 U.S. 477, 489–90, and the plaintiff has not shown that the conviction or sentence has already been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a § 1983 claim for damages cannot be maintained and the complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997). This has come to be known as the "favorable termination" doctrine. *See Heck*, 512 U.S. at 492.

In other words, if a criminal conviction, prison disciplinary hearing, or other judgment "arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which the section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Thus, to determine whether *Heck* bars a claim for damages arising from a prison disciplinary hearing or other conviction, the court must examine "not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996). *See also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (finding that the favorable termination doctrine "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement"); *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999).

    **1.**  **California Penal Code § 243.1**, **Battery of a Custodial Officer**

Plaintiff primarily contends that his conviction under California Penal Code § 243.1, battery of a custodial officer in the performance of his duties, does not bar his § 1983 claim because the law does not afford Duarte the right to use any and all force to effectuate an arrest. However, because Plaintiff was previously convicted of California Penal Code § 243.1, and such conviction has not been overturned or invalidated, Plaintiff's excessive force claim is clearly barred by *Heck v. Humphrey*, 512 U.S. 477. *See Cunningham v. Gates*, 312 F.3d 1148, 1154-55 (9th Cir. 2003).

A conviction under § 243.1 requires a showing of three elements: (1) *that the custodial officer was acting within the scope of his or her duties*; (2) that the prisoner willfully and unlawfully touched the custodial officer in a harmful or offensive manner; and (3) a finding that when the prisoner acted, he knew, or reasonably should have known, that the custodial officer was performing his duties. *People v. Gutierrez*, 174 Cal. App. 4th 515, 521 (Cal. Ct. App. 2009) (emphasis added). A custodial officer is acting within the scope of his or her duties only when he or she acts reasonable and without excessive force. *Id.* at 525 ("A custodial officer is not lawfully performing his duties if he is using unreasonable or excessive force in his duties."); *People v. White*, 101 Cal. App. 3d 161, 164 (Cal. Ct. App. 1980) (finding that "where excessive force is used in making what otherwise is a technically lawful arrest, the arrest becomes unlawful and a defendant may not be convicted of an offense which requires the officer to be engaged in the performance of his duties). Therefore, to the extent Plaintiff is alleging that Defendant Duarte used excessive force during the incident giving rise to his § 1983 claim, the Court finds the § 1983 claim is in direct contradiction to the first element of California Penal Code § 243.1. Accordingly, because Plaintiff's conviction has not been overturned or invalidated, it is barred by the favorable termination doctrine outlined in *Heck*.[3]

Moreover, to the extent Plaintiff contends that his § 1983 claim does not necessarily imply the invalidity of his § 243.1 conviction because they arise from two separate temporal occurrences, and/or his § 243.1 conviction was the result of a *nolo contendere* plea, the Court finds both arguments without merit. First, although *Heck* does not bar excessive force claims based on police conduct that occurred "separate and independent" from the facts giving rise to the plaintiff's prior conviction, *Smith v. City of Hemet*, 394 F.3d 689, 698-99 (9th Cir. 2005), where the alleged wrongful conduct that forms the basis of the § 1983 claim "is part of a single act" for which the plaintiff was already

---

[3] Because the Court finds Plaintiff's conviction under California Penal Code § 243.1 would necessarily be negated should his § 1983 action prevail, the Court need not address the viability of the prison disciplinary proceeding in light of Plaintiff's instant § 1983 claim. (Doc. No. 50 at 4.)

convicted, *Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2003), *Heck* bars such claims. *See, e.g., Curry v. Baca*, 371 F. App'x 733, 734 (9th Cir. 2010). Here, the conduct that forms the basis for Plaintiff's § 1983 claim is the same exact conduct, specifically the same fifteen to twenty seconds, that was considered when Plaintiff was convicted of § 243.1. (Doc. No. 41, Aronis Decl., Ex. B, Plaintiff's Depo. at 64:17-66:20.) Moreover, this was specifically admitted to by Plaintiff in his deposition, wherein he stated that the whole instant occurred instantaneously and was all "back to back." (*Id.* at 66:12-20.) Accordingly, any argument that the factual circumstances underlying Plaintiff's § 1983 claim and his § 243.1 conviction arise from two separate "temporal occurrences" is without merit and contrary to Plaintiff's own admissions. *See Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002).

Finally, although not explicitly raised by Plaintiff as an objection to Magistrate Judge Crawford's findings, Plaintiff infers that his § 243.1 conviction does not bar his instant § 1983 action because the conviction was obtained pursuant to a plea of *nolo contendere*.[4] The Court is not inclined to agree. Pursuant to California Penal Code § 1016(3), a plea of *nolo contendere* "shall be considered the same as a plea of guilty," and is the equivalent of a conviction for purposes of *Heck*. *See Nuno v. County of San Bernardino*, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999). Thus, even though § 1016(3), to the extent it applies in federal court, prevents the use of Plaintiff's *nolo* plea against him "as an admission," under *Heck*, what is relevant about Plaintiff's *nolo* plea and resulting conviction is the mere fact of its existence. *Id.* Therefore, even if Plaintiff's *nolo contendere* plea established that he violated the law "in a minimal way," his plea also conclusively established each element of § 243.1; most importantly, that Defendant Duarte did not use unreasonable or excess force to effectuate Plaintiff's confinement. Accordingly, the Court finds Plaintiff's § 1983 action is barred by *Heck* despite being the result of a *nolo contendere* plea.

---

[4] Specifically, Plaintiff argues that his "plea establishes that he violated the law in the minimal way possible. It did not establish that he gave Duarte cause to break his leg." (Doc. No. 50 at 2:15-17.)

### *CONCLUSION*

For the reasons set forth above, the Court hereby DENIES Plaintiff's objections, (Doc. No. 50); ADOPTS the R&R in its entirety, (Doc. No. 49); and GRANTS Defendant Duarte's motion for summary judgement, (Doc. No. 41). The Clerk of Court is instructed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: March 19, 2013

Hon. Anthony J. Battaglia
U.S. District Judge